UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TOBY D. JOHNSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:18-CV-033-JD-MGG |
| WARDEN, | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Toby D. Johnson, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder and criminal confinement under cause number 79D02-402-MR-1. Following a guilty plea and remand on direct appeal, on January 3, 2007, the Tippecanoe County Superior Court sentenced Johnson to sixty years of incarceration. *See State v. Johnson*, 79D02-402-MR-1, available at http://public.courts.in.gov/. Johnson claims that he was denied his constitutional right to a fair trial due to ineffective assistance of counsel and a biased judge. Habeas corpus petitions are subject to a strict one-year statute of limitations.[1] There are four possible dates from which the

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

limitation period can begin to run. Nothing in the petition suggests that State action impeded him from filing a habeas corpus petition sooner or that Johnson's claims are based on a newly discovered factual predicate.

Johnson alleges that 28 U.S.C. § 2244(d)(1)(C) applies based on *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017). In *Brown*, the Seventh Circuit Court of Appeals held that the *Martinez-Trevino* doctrine applied to post-conviction relief proceedings under Indiana law. *Id.* at 512-13. Stated otherwise, the Seventh Circuit held that, for Indiana prisoners, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 509. However, 28 U.S.C. § 2244(d)(1)(C) does not apply to *Brown* because no new constitutional right was recognized in *Brown* and because *Brown* was decided by the Seventh Circuit rather than the Supreme Court of the United States. Additionally, though the Supreme Court did decide *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), the holdings of these cases constitute "equitable rulings" rather than recognition of a constitutional right. *Martinez*, 566 U.S. at 16.

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

Therefore, 28 U.S.C. § 2244(d)(1)(A) applies. Because Johnson did not appeal after the second sentencing proceeding, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time to appeal expired on February 3, 2007. *See* Ind. App. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Based on the petition, the federal limitations period was tolled when Johnson filed his first petition for post-conviction relief and expired on May 1, 2011 – one year after Johnson withdrew the petition. Johnson filed his habeas petition in this court nearly seven years later on January 19, 2018. Though Johnson later filed a second petition for post-conviction relief in 2013, it did not restart the federal limitations period, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Accordingly, Johnson's habeas petition is untimely and is therefore dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling.

Therefore, there is no basis for encouraging Johnson to proceed further, and a certificate of appealability is denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

(2) DENIES Toby D. Johnson a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Toby D. Johnson leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3);

(4) GRANTS the motion for leave to proceed in forma pauperis (ECF 2) and WAIVES the filing fee; and

(5) DIRECTS the Clerk to close this case.

SO ORDERED on February 1, 2018.

/s/ JON E. DEGUILIO
Judge
United States District Court